NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
LUIS SERRANO,                    :     Civ. No. 19-15036 (RMB)
:
    Petitioner       :
  v.                          :     **OPINION**
:
DAVID ORTIZ,                     :
:
    Respondent       :
_____:

Bumb, United States District Judge

    Petitioner Luis Serrano ("Serrano") is a prisoner confined in the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey. (Pet., Dkt. No. 1.) On July 11, 2019, he filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, asserting that he is actually innocent of the crime of conviction under 18 U.S.C. § 922(g), pursuant to the intervening Supreme Court decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). (Pet., Dkt. No. 1.) Respondent filed an answer, opposing habeas relief. (Answer, Dkt. No. 9.) Petitioner filed a reply brief. (Dkt. No. 10.) For the reasons set forth below, the Court will deny the petition.

I.    BACKGROUND

    A.    Conviction under 18 U.S.C. § 922(g)

    On August 23, 2012, Petitioner was charged by Indictment with one count of possession of a firearm by a convicted felon, in

violation of 18 U.S.C. § 922(g). United States v. Serrano, 12-cr-452 (E.D. Pa.) (Dkt. No. 1.)[1] Petitioner entered a guilty plea on December 9, 2013. Id. (Dkt. No. 61.) He was subject to sentencing under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), based on three prior Pennsylvania convictions for drug trafficking offenses. Id. (Dkt. No. 66.) On June 5, 2014, the sentencing court imposed the mandatory minimum ACCA sentence of 180 months' imprisonment. Id. (Dkt. No. 70.)

Petitioner appealed, challenging a suppression ruling and the sentence. Id. (Dkt. No. 67.) On January 16, 2015, the Third Circuit Court of Appeals affirmed the judgment. United States v. Serrano, 598 F. App'x 72 (3d Cir. 2015). On April 14, 2016, Petitioner sought relief under 28 U.S.C. § 2255. 12-cr-452 (E.D. Pa.) (Dkt. No. 79.) The district court denied the § 2255 motion on May 25, 2016. Id. (Dkt. No. 83.)

B. The Petition

In his memorandum in support of his habeas petition, Petitioner states:

> Nowhere within Serrano's Plea-agreement is he placed on notice that he acted knowingly surrounding the 922(g) elements surrounding his culpable mental state regarding each of the Statutory elements that criminalize otherwise innocent conduct of just possessing a weapon.

---

[1] Available at www.pacer.gov.

2

(Petr's Mem., Dkt. No. 1-2 at 4.)

    C.    <u>The Answer</u>

Respondent contends that Petitioner must establish his actual innocence by showing there was insufficient evidence that could have been presented to permit a reasonable juror to find him guilty under Section 922(g), and Petitioner has failed to do so. (Answer, Dkt. No. 9 at 4-6.) Respondent asserts it is undisputed that Petitioner had multiple previous felony convictions that permitted a sentence of imprisonment of more than one year, and Petitioner was sentenced to and served more than a year for those crimes. (<u>Id.</u> at 6.) Thus, Respondent concludes it was obvious to Petitioner, at the time he possessed a firearm in February 2012, that he had previously been convicted of a crime punishable by more than one year of imprisonment, and he knew this because he served the time in prison. (<u>Id.</u>)

    D.    <u>Petitioner's Reply Brief</u>

Petitioner counters that the August 23, 2012 Indictment lacked the "knowingly requirement" to charge him under 18 U.S.C. § 922(g), and therefore, the sentencing court lacked jurisdiction. (Petr's Reply Brief, Dkt. No. 10 at 1-2.) This deprived Petitioner of fair notice that he belonged to the relevant category of persons barred from possessing a firearm. (<u>Id.</u> at 2.) Further, Petitioner asserts that he

> never possessed a weapon in connection with his prior drug convictions to trigger Mr. Serrano's intent that he knew that carrying a 9mm, 10 years ago would subject him to being a felon in possession…. Knowing that you were convicted of a crime carrying more than a year in prison is only the start of the 922(g)(1) analysis. 18 U.S.C. § 921(a)(20) list all sorts of exceptions to what is otherwise a crime punishable by a sentence of over a year.

(Petr's Reply Brief, Dkt. No. 10 at 3.) Petitioner concludes that § 922(g) is a vague law. (Id. at 4.)

II.  DISCUSSION

   A.   Actual Innocence Standard of Law

28 U.S.C. § 2255 is the presumptive means for a federal prisoner to challenge the validity of a conviction. Bruce v. Warden Lewisburg USP, 868 F.3d 170, 178 (3d Cir. 2017). There is an exception to this rule under 28 U.S.C. § 2255(e), which provides:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

To fall within this exception, Petitioner must establish: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, and (3) for which he had no other opportunity to seek judicial review.

4

Bruce, 868 F.3d 170, 180 (3d Cir. 2017). To establish actual innocence under this standard, "a petitioner must 'demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" Bruce, 868 F.3d at 184 (quoting Bousley v. United States, 523 U.S. 614, 623 (1998) (internal quotation marks omitted). In making a determination under this standard, a district court considers what a reasonable, properly instructed juror would do in light of all the evidence. Id.

    B.   Rehaif v. United States

The Supreme Court in Rehaif addressed the intersection of the felon-possession-statute, 18 U.S.C. § 922(g)(1) and the separate penalty provision in 18 U.S.C. § 924(a)(2). 139 S. Ct. at 2194. 18 U.S.C. § 922(g)(1) makes it "unlawful for any person ... who has been convicted in any court of ... a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 924(a)(2) imposes a mandatory penalty for up to ten years imprisonment for anyone who 'knowingly violates' [§ 922(g)]. Id. "In Rehaif, the Supreme Court held that "the word 'knowingly' [in § 924(a)(2)] applies both to the defendant's conduct and to the defendant's status." United States v. Sanabria-Robreno, 819 F. App'x 80, 83 (3d Cir. 2020). "To convict a defendant, the Government therefore must show that the defendant knew he possessed

5

a firearm and also that he knew he had the relevant status when he possessed it." Id.

   C.   Analysis

Respondent is correct that Petitioner must establish actual innocence to challenge his conviction in a habeas petition under § 2241. The lack of notice in Petitioner's Indictment and Plea Agreement that he was charged with possessing a firearm while knowing he was a convicted felon does not meet the actual innocence standard because there is other evidence in the record to establish the knowing element. See Bousley, 523 U.S. at 624 (actual innocence standard requires a showing of factual innocence in light of all the evidence, and the Government "is permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy.")

On March 14, 2002 in the Philadelphia Court of Common Pleas, Petitioner pled guilty and was sentenced to a concurrent term of imprisonment of 1½ to 3 years for manufacturing, delivering, or possessing with intent to deliver a controlled substance, based on arrests that took place on September 29, 2001, October 23, 2001, and February 2, 2002. (Declaration of Jessica O'Neill, Exhibit A, Dkt. No. 9-1 at 8-10.) The Government could have presented this evidence, the judgment and sentence for these convictions, to a jury. The Government could have also established at trial the fact that Petitioner served more than one year of imprisonment for these

6

crimes prior to February 2012. Therefore, a reasonable and properly instructed juror would likely conclude Petitioner knew at the time he possessed a firearm in February 2012 that he had previously been convicted of crimes punishable by more than one year in prison. See Sanabria-Robreno, 819 F. App'x at 83 (finding substantial evidence that defendant knew he was a convicted felon when he possessed a firearm because he previously pled guilty to crimes carrying maximum penalties between five and fifteen years imprisonment and actually served more than one year in prison); United States v. Bryant, 976 F.3d 165, 174–75 (2d Cir. 2020) ("we have upheld felon-in-possession convictions after Rehaif where the defendant had actually served more than one year in prison on the prior conviction.")

    Petitioner's argument that the exceptions to § 922(g)(1) in 18 U.S.C. § 921(a)(20) render the law too vague for him to have concluded that he was a felon unlawfully in possession of a firearm is unavailing. The exceptions in § 921(a)(20) are for antitrust or similar convictions, misdemeanor convictions punishable by two years or less, and convictions that have been expunged, set aside, or pardoned. Petitioner pled guilty in the Philadelphia Court of Common Pleas to felonies for drug crimes and does not suggest that these convictions were expunged, set aside, pardoned or otherwise invalidated. Thus, Petitioner failed to establish that that no

reasonable juror would have convicted him based on inability to know whether the exceptions in § 921(a)(20) applied to him.

III. CONCLUSION

For the reasons set forth above, the Court will deny the petition for writ of habeas corpus under 28 U.S.C. § 2241.

An appropriate Order follows.

Dated:  November 12, 2020

                              s/Renée Marie Bumb
                              **RENÉE MARIE BUMB**
                              **UNITED STATES DISTRICT JUDGE**